IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

PRESCRIPTION ANALYTICS, INC.

        Plaintiff,

   v.

OREXO US, INC.

        Defendant.

Civil Action No.

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant OREXO US, INC. ("Orexo") hereby removes the above-captioned action from the Circuit Court of Washington County, Wisconsin, Case No. 2025CV000633, to the United States District Court for the Eastern District of Wisconsin. Orexo provides this "short and plain statement of the grounds for removal." *See* 28 U.S.C. § 1446(a). Orexo specifically preserves and does not waive any and all applicable defenses, including, without limitation, those pursuant to Federal Rule of Civil Procedure 12.

### INTRODUCTION

1. On October 21, 2025, Plaintiff Prescription Analytics, Inc. ("PAI") filed a complaint against Orexo in the Circuit Court of Washington County, Wisconsin, Case No. 2025CV000633 (the "Underlying Matter"). In its complaint, PAI alleges (among other things) that Orexo and PAI entered into a Master Services Agreement ("MSA"); that Orexo breached its payment obligations under the MSA; and that Orexo "knowingly disclos[ed] PAI's proprietary and trade secret information to a direct competitor." Ex. A (Compl.) ¶¶ 2, 4, 11, 28.

2. PAI purports to bring five claims against Orexo: Count I is for declaratory

1

judgment, seeking a declaration that PAI neither breached the MSA nor engaged in fraud, as suggested by Orexo near the end of the parties' 12-year contractual relationship. *See id.* ¶¶ 30–34. Count II and III are alternative counts: one for breach of the implied covenant, one for unjust enrichment, on the theory that PAI performed certain offboarding services post-termination without compensation. *Id.* ¶¶ 35–44. Count IV is for intentional misrepresentation, alleging that Orexo made "multiple false representations of fact to PAI and to third parties[.]" *Id.* ¶¶ 45–50. Finally, Count V alleges that Orexo breached the confidentiality obligation in the MSA by "disclosing PAI's confidential and proprietary information" to a competitor. *Id.* ¶¶ 51–56.

3. In its Prayer for Relief, PAI requests a declaratory judgment about various issues—including that "Orexo is not entitled to any refund, reimbursement, indemnification, or damages from PAI"—in addition to an award of "attorneys' fees" together with "compensatory, consequential, and punitive damages, and any appropriate restitution, in an amount to be determined at trial." *See id.* at Prayer for Relief.

### PROCEDURAL REQUIREMENTS FOR REMOVAL

4. This case satisfies all requirements for removal under 28 U.S.C. § 1446.

5. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders which have been filed in the Underlying Matter are attached as **Exhibit A**. A copy of the State docket, showing all filings and activity to date, is attached as **Exhibit B**.

6. Promptly after the filing of this Notice of Removal, written notice of the removal of this action will be served on all parties' counsel, as required by 28 U.S.C. § 1446(d). A true and correct copy of this Notice of Removal will also be promptly filed with the Circuit Court of Washington County, Wisconsin, pursuant to 28 U.S.C. § 1446(d).

7. Removal is timely under 28 U.S.C. § 1446(b)(1). PAI filed the Underlying Matter

in state court on October 21, 2025, and Orexo was served on October 22, 2025. Orexo filed this notice of removal within the 30-day removal window. *See* 28 U.S.C. § 1446(b)(1).

## JURISDICTION AND VENUE

8. Venue is proper in this court, for removal purposes only, because this case is pending in the Circuit Court of Washington County, Wisconsin, and this Court is "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

9. This Court has jurisdiction over this removed action under 28 U.S.C. §§ 1441 and 1332(a). This Court has original jurisdiction because diversity of citizenship exists between PAI and Orexo and, with reasonable probability based on the allegations in the complaint, the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

## GROUNDS FOR REMOVAL

10. A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1).

### *Complete Diversity*

11. First, this action meets the complete diversity requirement because Orexo and PAI are citizens of different states. *See* 28 U.S.C. § 1332(a)(1). A corporate is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" *See id.* § 1332(c)(1).

12. The complaint alleges that "PAI is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business located at 121 S Wilson Ave., Hartford, WI 53027." Ex. A. (Compl.) ¶ 6. PAI is therefore a citizen of Wisconsin.

3

13. Orexo is a corporation organized under the laws of the State of Delaware with its corporate headquarters (and thus its principal place of business) in New Jersey. *See Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (holding that a corporation's principal place of business is "the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination"); *see also* Ex. A (Compl.) ¶ 7 (alleging that Orexo is a "foreign corporation with its principal place of business located . . . [in] Morristown, NJ 07960."). Orexo is therefore a citizen of Delaware and New Jersey, and complete diversity thus exists here.

### *Amount in Controversy*

14. Second, this action meets the amount-in-controversy requirement because the "matter in controversy exceeds the sum or value of $75,000." *See* 28 U.S.C. § 1332(a).

15. PAI does not seek a damages award in a specific dollar amount; instead, it seeks (among other things) a declaration that "Orexo is not entitled to any refund, reimbursement, indemnification, or damages from PAI;" "[a]n award of compensatory, consequential, and punitive damages;" "PAI's reasonable attorneys' fees and costs incurred in this action;" and "[s]uch other and further relief as this Court deems just, equitable, and proper." *See* Ex. A (Compl.) at Prayer for Relief.

16. "In the case where the plaintiff does not provide specific information about the value of his claim in the prayer for relief," as here, "a 'good-faith estimate of the stakes is acceptable if it is supported by a preponderance of the evidence.'" *SJ Props. Suites v. Specialty Fin. Grp., LLC*, 733 F. Supp. 2d 1021, 1034 (E.D. Wis. 2010), as revised (Aug. 25, 2010) (quoting *Oshana v. Coca–Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006)). Once the defendant invoking federal jurisdiction meets its "burden of establishing the requisite amount in controversy minimum,

the plaintiff can only defeat jurisdiction by showing that, to a legal certainty, the amount of the claim is less than the jurisdictional minimum required for diversity." *Id.* A defendant can show that the amount in controversy exceeds $75,000 by establishing that any claim in the complaint exceed $75,000 or that the "claims aggregated meet the requisite amount in controversy." *Id.* at 1036; *see also LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 548 (7th Cir. 2008) (same).

17. This dispute clears the $75,000 amount-in-controversy hurdle.

18. *First*, PAI seeks (among other things) a declaration that it does not owe Orexo "over $1 million in unpaid rebates" under the MSA. *See* Ex. A (Compl.) ¶ 46. "In suits seeking the equitable remedies of an injunction or a declaratory judgment," as here, "the amount in controversy is determined by the value to the plaintiff (or petition) of the object of the litigation." *Am.'s MoneyLine, Inc. v. Coleman*, 360 F.3d 782, 786 (7th Cir. 2004). "[T]he value of the object of the litigation is the 'pecuniary result' that would flow to the plaintiff (or defendant) from the court's granting the injunction or declaratory judgment." *Id.* (quoting *McCarty v. Amoco Pipeline Co.*, 595 F.2d 389, 393 (7th Cir. 1979)). In other words, the object of the litigation is "what the plaintiff stands to gain[.]" *Foley Living Tr. v. Burger*, 2024 WL 4601857, at *3–4 (E.D. Wis. Oct. 28, 2024) (quoting *Macken ex rel. Macken v. Jensen*, 333 F.3d 797, 799–800 (7th Cir. 2003) (finding the amount-in-controversy requirement satisfied where the plaintiffs sought a declaratory judgment to determine ownership over stock shares valued at $2.8 million)). Applied here, because the value of the declaration that PAI seeks is over $75,000 (and is in fact over $1 million), the amount-in-controversy requirement is satisfied.

19. *Second*, declaratory relief aside, PAI also seeks compensatory damages in relation to (1) the "substantial and burdensome" services that it allegedly provided without compensation (Ex. A (Compl.) ¶¶ 26, 37, 41); (2) the "significant costs" that it allegedly incurred "to respond to

Orexo's bad-faith allegations" (*id.* ¶ 49); and (3) the "loss of trade secrets, significant competitive disadvantage, reputational harm, and financial loss" allegedly caused by the claimed confidentiality breach (*id.* ¶ 55). In addition, PAI seeks punitive damages under Wis. Stat. § 895.043, alleging that Orexo's conduct was "malicious, willful, and in wanton disregard of PAI's rights[.]" *Id.* ¶¶ 50, 56. That statute permits an award of punitive damages up to "twice the amount of any compensatory damages recovered by the plaintiffs or $200,000, whichever is greater." *See* Wis. Stat. § 895.043(6). All of this satisfies the jurisdictional threshold. *See, e.g.*, *Reck-n-Rack LLC v. Just Encase Prods. Inc.*, 649 F. Supp. 3d 734, 738 (E.D. Wis. 2023) (complaint met the amount-in-controversy requirement because it contained allegations that the defendant violated a statute in two ways and "the statute provide[d] for an award of $50,000 in punitive damages per violation").

20. While Orexo disputes PAI's entitlement to **any** relief—declaratory, monetary, or otherwise—and disputes the application of Wisconsin law, the "stakes" are what they are. *See SJ Props.*, 733 F. Supp. 2d at 1034. Because PAI seeks a declaratory judgment valued at over $1 million, and because PAI seeks compensatory damages as well as punitive damages under a statute that permits an award of at least $200,000, Orexo's good-faith estimate of the amount in controversy exceeds $75,000.

\* \* \*

21. Based on the above, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the total amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Therefore, removal of this action is appropriate, and this Court should assume jurisdiction over this action under 28 U.S.C. § 1441.

WHEREFORE, Orexo removes this action, now pending in the Circuit Court of Washington County, Wisconsin, Case No. 2025CV000633, to this Court.

WINSTON & STRAWN, LLP

/s/ *Maureen Rurka*
Maureen Rurka
Michael P. Mayer
Kelly Mannion Ellis (*PHV forthcoming*)
300 N. La Salle Dr., Suite 4400
Chicago, IL 60654
312-558-5600
MRurka@winston.com
MMayer@winston.com
KMannion@winston.com

Attorneys for Defendant Orexo US, Inc.

November 20, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court, and that a copy of the foregoing is being furnished by e-mail to counsel for Plaintiff:


/s/ *Maureen Rurka*
Maureen Rurka
An attorney for the Defendant